UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ANTHONY S. SAPP, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) No. 3:21-cv-00108-JRS-MJD ) |
| EVANSVILLE POLICE DEPARTMENT, D. RICHARDSON Det., SIDES Det., ARBAUGH Sgt., | ) ) ) ) ) |
| Defendants. | ) |

**Order on Motion for Summary Judgment**

## I. Introduction

This is an excessive force and medical indifference case arising from a February 18, 2021, arrest. The case is ripe for consideration of summary judgment. *Pro se* Plaintiff Sapp has filed a Motion of Discovery, (ECF No. 62), and a Motion for Dispositive, (ECF No. 65), which, liberally construed, seem to invite a summary judgment ruling in his favor, without advancing facts or legal arguments. Also before the Court is Defendants' Motion for Summary Judgment. (ECF No. 68.) Sapp, who has been notified of the Rule 56 procedure, (Notice to Pro Se Litigant, ECF No. 71), has not responded.

## II. Legal Standard

The legal standard on summary judgment is well established:

> Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could

1

> return a verdict for the nonmoving party.'" *Skiba* [*v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018)] (quoting *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 248 [] (1986)). A theory "too divorced from the factual record" does not create a genuine issue of material fact. *Id.* at 721. "Although we construe all facts and make all reasonable inferences in the nonmoving party's favor, the moving party may succeed by showing an absence of evidence to support the non-moving party's claims." *Tyburski v. City of Chicago*, 964 F.3d 590, 597 (7th Cir. 2020).

*Marnocha v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 986 F.3d 711, 718 (7th Cir. 2021).  The Court applies that standard here.

Sapp did not respond to Defendants' motion for summary judgment.  Accordingly, facts alleged in Defendants' motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts).  However, "[e]ven where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

When reviewing cross-motions for summary judgment, all reasonable inferences are drawn in favor of the party against whom the motion at issue was made.  *Valenti v. Lawson*, 889 F.3d 427, 429 (7th Cir. 2018) (citing *Tripp v. Scholz*, 872 F.3d 857, 862 (7th Cir. 2017)).  The existence of cross-motions for summary judgment does not imply that there are no genuine issues of material fact. *R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Engineers, Local Union 150, AFL-CIO*, 335 F.3d 643, 647 (7th Cir. 2003).

### III. Facts

The Court relies on Defendants' statement of facts, because Sapp has failed to controvert them and, besides, video footage of the incident puts some of them beyond reasonable dispute. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) (district court has no duty to hunt for factual dispute where none raised by litigants); *Gamblin v. Groves*, 155 F. App'x 921, 923 (7th Cir. 2005) (district court may reasonably conclude motion for summary judgment is unopposed where potentially relevant *pro se* filings fail to cite facts); *Smith v. Finkley*, 10 F.4th 725, 730 (7th Cir. 2021) (no need to "indulge" stories contradicted by video evidence).

In February 2021 Sapp was out on bond for state gun and drug charges. (Sapp Dep. 7:23–24, ECF No. 68-1.) Detective Richardson, with the Evansville Police Department, began investigating Sapp when an anonymous tip alleged Sapp to have a stolen car. (Richardson Decl. 1–2, ECF No. 68-2.) Richardson found the stolen car in front of Sapp's house and had the car impounded. (*Id.*) Richardson then researched Sapp and learned he had pending charges, a violent criminal history, and a gang affiliation. (*Id.*) When the same tipster called on February 18 and alleged Sapp had a second stolen car—this time a blue Dodge Charger—with him in Evansville, Richardson went to investigate. (*Id.* at 2–3.)

Richardson found Sapp driving the blue Charger and followed him. Another officer, Detective Sides, joined. When Sapp's car got stuck in the snow, Richardson and Sides went up to his front driver side with guns drawn. (*Id.* at 3.) They shouted at him to turn off the car. Sapp revved the engine and rocked the car back and forth

3

trying to get out of the snow. (*Id.* at 4.) When Sapp got the car dislodged, he drove into Richardson, who fired a single shot through the windshield, hitting Sapp in the shoulder. (*Id.* at 4–5; Civilian Video at 00:11–00:24, ECF No. 69.)

Sides then opened the car door and ordered Sapp to exit the vehicle. (Richardson Decl. at 4–5, ECF No. 68-2; Civilian Video at 00:25–00:27, ECF No. 69.) Sapp did not comply, and, after more than ten seconds of standoff, Sides began to pull Sapp from the car. (Richardson Decl. at 5, ECF No. 68-2; Civilian Video at 00:25–00:48, ECF No. 69.)

Sapp came out abruptly with his right fist raised. (Sides Aff. ¶ 13, ECF No. 68-3; Civilian Video 1:03–1:04, ECF No. 69.) Sides and Sapp then fell grappling to the ground. Other officers, who had arrived on the scene, joined the fray. The videos show a confused brawl: Sapp appears to tear away from Richardson, only to fall back across him on the ground. Officer Arbaugh repeatedly struck Sapp between the shoulder blades with his elbow; Officer Doane arrived and attempted to use a Taser on Sapp; meanwhile Sides wrestled with Sapp's legs, which were flailing; Officer Slaton wrested Sapp's left arm out from under him and, prying it up against resistance, handcuffed him. As soon as the handcuffs were on, the fight stopped. (Doane Bodycam 00:28–1:14, ECF No. 69; Slaton Bodycam 1:34–2:10, ECF No. 69; Richardson Aff. ¶¶ 25–28, ECF No. 68-2 (describing Sapp resistance); Arbaugh Aff. ¶¶ 17–18, ECF No. 68-4 (same); Doane Aff. ¶¶ 10–12, ECF No. 68-6 (same); Slaton Aff. ¶¶ 8–10, ECF No. 68-9 (same); Kiely Aff. ¶ 7, ECF No. 68-5 (civilian witness

4

averring that as Sapp came out of the car, "[he] was clearly fighting the two men" Richardson and Sides).)

Sides gave Sapp a cursory medical review. (Sides Aff. ¶¶ 16–17, ECF No. 68-3.) The Fire Department and paramedics arrived shortly thereafter, and within ten minutes from the end of the fight Sapp was on his way to the hospital in an ambulance. (Sapp Dep. 19:7-21; ECF No. 68-1.)

### IV. Discussion

Defendants raise a qualified immunity defense. "Qualified immunity shields government officials from civil liability for conduct that 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Cibulka v. City of Madison*, 992 F.3d 633, 638 (7th Cir. 2021) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). "Whether qualified immunity applies turns on two questions: first, whether the facts presented, taken in the light most favorable to the plaintiff, describe a violation of a constitutional right; and second, whether the federal right at issue was clearly established at the time of the alleged violation." *Smith v. Finkley*, 10 F.4th 725, 737 (7th Cir. 2021) (citing *Tolan v. Cotton*, 572 U.S. 650, 655–56 (2014) (per curiam)). If the answer to either question is "no," qualified immunity applies. *Id.* The Court may take those questions in either order. *Id.* Finally, and critically to this case, "once a defendant claims qualified immunity, the burden is on the plaintiff to show that the right claimed to have been violated was clearly established." *Cibulka*, 992 F.3d at 640 (quoting *Marshall v. Allen*, 984 F.2d 787, 797 (7th Cir. 1993)).

5

Here, Sapp has not responded to the summary judgment motion and has not undertaken to show a clearly established right was violated. Without any showing from Sapp, the qualified immunity defense stands as raised, and the Court need go no further into the matter. Defendants' Motion for Summary Judgment, (ECF No. 68), is therefore **granted.**

Even if the Court were to excuse Sapp from meeting his burden, qualified immunity is correct on the merits.

Defendants were entitled to use reasonable force to arrest Sapp, whom they had probable cause to believe was driving a stolen car. *Smith v. Finkley*, 10 F.4th 725, 736 (7th Cir. 2021). And when Sapp persisted in revving his engine, moving the car back and forth, and steering the car toward the police officers on scene, Richardson's single shot was not "clearly established" to have been an unreasonable use of force— rather the opposite. *See Tolliver v. City of Chicago*, 820 F.3d 237, 246 (7th Cir. 2016) (fourteen shots was a "reasonable" response, entitled to qualified immunity, to a driver who advanced his car toward officers after verbal warnings to stop); *Smith v. Adams*, 804 F. App'x 390, 393 (7th Cir. 2020) (Evansville police officers reasonably shot at tires of suspect who was potentially armed, disobeyed verbal commands, and accelerated car precipitously); *Est. of Green v. City of Indianapolis*, 854 F. App'x 740, 745 (7th Cir. 2021) (where no evidence that suspect had exited vehicle, district court right to conclude that officers reasonably used deadly force to subdue driver known to be dangerous). Likewise, when Sapp refused to exit the vehicle after commands to do so, emerged belligerently, and struggled with police officers on the ground, it was

not "clearly established" that the police efforts to gain compliance—with strikes, holds, and a Taser—were unreasonable. *Smith*, 804 F. App'x at 393 (Evansville police officers reasonably pulled suspect out of car, wrestled him to ground, and used a Taser when he refused verbal commands to exit a vehicle and began to struggle with officers); *United States v. Norris*, 640 F.3d 295, 303 (7th Cir. 2011) (use of Taser reasonable on noncompliant, potentially armed suspect); *Dockery v. Blackburn*, 911 F.3d 458, 468 (7th Cir. 2018) (continued use of force, including Taser, reasonable until suspect came into compliance).

Finally, Sapp's denial of medical care claim is without merit, because no constitutional right was violated. The medical responders were on scene straight away. *Sallenger v. City of Springfield, Ill.*, 630 F.3d 499, 503 (7th Cir. 2010).

## V.     Conclusion

Sapp has not responded to Defendants' Motion for Summary Judgment, so their version of the facts and their assertion of qualified immunity go unchallenged. The Motion, (ECF No. 68), must be and is **granted.** The Court is all the more willing to reach that conclusion because apparently reliable video evidence supports Defendants' asserted facts and because case law upholds the reasonableness of Defendants' conduct under the circumstances.

Sapp's Motion of Discovery, (ECF No. 62), and Motion for Dispositive, (ECF No. 65), are **denied.**

Because qualified immunity shields Defendants from all Sapp's claims, those claims are **dismissed with prejudice**, and this case is over. Final judgment shall issue separately.

**SO ORDERED.**

Date: 08/25/2023

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANTHONY S. SAPP
49484509
GILMER - FCI
GILMER FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 6000
GLENVILLE, WV 26351

Matthew Stephen Koressel
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
mkoressel@zsws.com

Keith W. Vonderahe
ZIEMER STAYMAN WEITZEL & SHOULDERS
kvonderahe@zsws.com

8